IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

COLEY GRAY, JR.,                                  :

    Plaintiff,                                    :

vs.                                               :   CIVIL ACTION 15-0400-CG-C

SAM COCHRAN, et al.,                              :

    Defendants(s).                                :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees (Docs. ).  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for appropriate action.  It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute.

A review of the Court file reflects that on January 5, 2016, in its Order Converting the Special Report to a Motion for Summary Judgment (Doc. 19), the Court ordered Plaintiff by February 6, 2016, to inform the Court if he wanted to proceed with the prosecution of this action or to file any opposition to the motion for summary judgment.  The Order was mailed to Plaintiff at Kilby Correctional Facility.[1]  Plaintiff was warned that his failure to comply would be considered by the Court as an abandonment of the prosecution of this action by him and that the

---

[1] An earlier Order of the Court (Doc. 14) was mailed to the address Plaintiff provided the Court at the time of the filing of his complaint, Mobile Metro Jail.  The envelope containing the Order was returned with the notation "Refused – Return to Sender – No Longer Here".   The Clerk learned, through the Alabama Department of Corrections' website, that Plaintiff was incarcerated at Kilby Correctional Facility.

action would be dismissed. To date, Plaintiff has not responded to the Court's Order nor has the envelope containing the Court's Order dated January 5, 2016, been returned to the Court.

Due to Plaintiff's failure to prosecute and to comply with the Court's Order, the Court concludes that Plaintiff has abandoned the prosecution of this action.  Upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice.  Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U. S. 683, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

**Notice of Right to File Objections**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with

the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      DONE this 23rd day of February, 2016.

                              s/WILLIAM E. CASSADY
                              UNITED STATES MAGISTRATE JUDGE